**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Martinez, | No. CV-22-00505-TUC-RM (DTF) |
| Petitioner, | **ORDER** |
| v. | |
| M. Gutierrez, | |
| Respondent. | |

Pending before the Court is Petitioner's Amended Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody. (Doc. 14.) The Court will require an answer to the Amended Petition.

**I.   Amended Petition**

In his Amended Petition, Petitioner names Warden M. Gutierrez as Respondent. Petitioner, first, contends that exhaustion of his administrative remedies is not necessary because exhaustion would be futile. (Doc. 14 at 4.) This is not an independent ground for relief, but rather a preemptive explanation as to why Petitioner did not exhaust his two independent claims. As such, the Court will construe "Ground One" as an argument to excuse exhaustion—not as an independent claim. *Cf. Ward v. Chavez*, 678 F.3d 1042, 1045-45 (9th Cir. 2012) (considering futility of exhausting administrative remedies as precursor issue to merits of claim). Second, Petitioner contends Bureau of Prison (BOP) policy and the regulations contradict the plain language of 18 U.S.C. § 3632(d)(4)(A-C). Finally, Petitioner alleges he has earned 250 days of time credit under § 3632(d)(4)(A)(i).

He argues he is entitled to these credits being applied toward "prerelease custody or supervised release." (Doc. 14 at 6.)

The Court will require Respondent to answer the independent claims in the Amended Petition.

## II. Warnings

### A. Address Changes

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Copies

Petitioner must serve Respondent, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

### C. Possible Dismissal

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

## III. IT IS ORDERED:

(1) Respondent Warden M. Gutierrez must answer the Petition within 30 days of the date of this order being filed. Respondent shall not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate.

(2) Petitioner may file a reply within 30 days from the date of service of the answer.

Dated this 2nd day of March, 2023.

Honorable D. Thomas Ferraro
United States Magistrate Judge